# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| KEVIN JOHNSON, a/k/a Olando Lee Trent, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 25-06017-CV-SJ-BP |
| ) | |
| CHRISTINE WILSON, ) | |
| a/k/a Shupavu Wa Kirima, ) | |
| ) | |
| Defendant. ) | |

## ORDER (1) DENYING PLAINTIFF'S MOTION FOR RENEWED EFFORTS BY UNITED STATES MARSHAL TO SERVE DEFENDANT OR FOR SERVICE BY PUBLICATION AND (2) EXTENDING THE DEADLINE FOR PLAINTIFF TO SERVE DEFENDANT

Plaintiff, who is proceeding pro se, previously asked the Court to direct the United States Marshal to serve Defendant. The Court observed it "has discretion to direct the Marshal to serve a defendant even when (as is the case here) Plaintiff has paid the filing fee," and granted the Motion. (Doc. 4.) The Marshal attempted to serve Defendant at the address Plaintiff provided, but the person answering the door identified herself as someone other than Defendant. (Doc. 6.) It was not clear who the person was; it could have been Defendant, someone living in her house, or someone visiting. Regardless, Defendant was not served. Plaintiff has now filed a Motion asking that the Marshal increase efforts to serve Defendant or, alternatively, that the Court permit service by publication. Plaintiff's Motion, (Doc. 7), is **DENIED**.

Plaintiff insists the person who answered the door must have been Defendant because she lives alone "and seldom has visitors." (Doc. 7, pp. 2-3.) He provides additional information about Defendant and requests the Marshal be directed to take more steps to confirm whether the person who answered the door at Defendant's apartment was the Defendant and, if necessary, to locate

her so she can be served. However, the Court is unwilling to divert the Marshal's resources to conduct the investigation necessary to locate, identify, and serve Defendant. Plaintiff is free to retain the services of a private process server to effectuate service.

Defendant also asks the Court to approve service by publication, which he contends is permitted under Missouri law. Federal Rule of Civil Procedure 4(e)(1) permits service on individuals in the manner prescribed by "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located" but Missouri law does not permit service by publication in suits against individuals. The Missouri statute Plaintiff cites permits service by publication only in "cases affecting a fund, will, trust estate, specific property, or . . . actions to quiet title and actions to ascertain and determine title to real estate." Mo. Rev. Stat. § 506.160. Missouri Supreme Court Rule 54.12 similarly permits publication in only these circumstances. These provisions do not apply here, and the Court cannot approve service by publication in this case.

For these reasons, Plaintiff's Motion asking for (1) renewed efforts by the Marshal to serve Defendant or (2) approval of service by publication is **DENIED**. Given the circumstances, the Court extends the deadline for serving Defendant to August 18, 2025.

**IT IS SO ORDERED.**

Date: June 16, 2025

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT